**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL SULLIVAN BRUCE,
Plaintiff-Appellant,

v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO; LOCAL 333

No. 98-1899

OF THE INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, AFL-
CIO; STEAMSHIP TRADE ASSOCIATION
OF BALTIMORE, INC.,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-97-2796-L)

Argued: March 5, 1999

Decided: July 12, 1999

Before WILLIAMS and MICHAEL, Circuit Judges,
and MICHAEL, Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ransom J. Davis, DANKER, MCINTIRE, DAVIS,
SCHUMM, PRINCE & GOLDSTEIN, P.C., Baltimore, Maryland, for

Appellant. Gil A. Abramson, HOGAN & HARTSON, L.L.P., Balti-
more, Maryland, for Appellees. **ON BRIEF:** Mark S. Saudek,
HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for Appellee
Trade Association; Kevin Marrinan, GLEASON & MATHEWS,
P.C., New York, New York, for Appellee ILA; Joel A. Smith, Sarah
P. Harlan, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland,
for Appellee Local 333.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

I.

Paul Bruce appeals from a district court order granting summary
judgment to defendants, International Longshoremen's Association,
AFL-CIO, ILA Local 333, and the Steamship Trade Association of
Baltimore, Inc., in his action for violations of the National Labor
Relations Act, 29 U.S.C. § 151 et seq., and the Labor Management
Relations Act, 29 U.S.C. § 141 et seq. Because we find no error in the
proceedings below, we affirm.

II.

Since 1971 appellant Paul Bruce has been a longshoreman in Balti-
more. This action arises out of a 1994 randomly administered urinaly-
sis test indicating that Bruce had used PCP. Mr. Bruce was suspended
for 60 days as a result of this positive test and was reinstated on con-
dition that he submit to further random drug testing for 18 months.
The results of an August 24, 1995 test indicated that Mr. Bruce was
again using PCP.

Appellant contested the accuracy of the August 24, 1995 test results and obtained a conference with a Medical Review Officer. In this meeting, Bruce argued that the August 24, 1995 test must be inaccurate because two independent tests to which Bruce had submitted voluntarily on August 15, 1995 and August 29, 1995 were negative. The Medical Review Officer rejected this evidence because the independent tests were not conducted at facilities qualified to administer such tests.[1]

In accordance with established procedure, Bruce filed a grievance with the Industry Grievance Committee. The Committee is composed of representatives of both management and labor. After presenting his case, the Committee rejected Bruce's challenge and denied his request to proceed to the next stage of the grievance process.[2] Following the Committee's decision, Bruce was suspended indefinitely from the industry.

Fate was kind to Mr. Bruce. In October 1996, a new Master Contract was negotiated. This agreement amended the Prior Drug and Alcohol Program[3] to include a so-called "third strike" provision. The "third strike" provision permits the reinstatement of longshoremen who have been indefinitely suspended from the industry because of drug use. To avail himself of this new provision, Bruce entered and completed a drug rehabilitation program. Bruce was reinstated on April 28, 1997.

Not content with the fortuitous opportunity to gain reinstatement, Mr. Bruce proceeded to challenge a decision made by the Seniority Board whereby longshoremen reinstated under the "third strike" provision could not retain their prior seniority. The Seniority Board rejected Bruce's complaint and Bruce filed the instant action.

_____

[1] There was also evidence before the district court indicating that PCP metabolizes rapidly, thereby affecting the accuracy of the August 15 and August 29 results.

[2] The next stage would have involved the appointment of an independent arbitrator.

[3] The prior Drug and Alcohol Program required dismissal from the industry after two positive tests for drug use.

III.

Bruce's complaint stated claims for violations of the National Labor Relations Act, 29 U.S.C. § 151 et seq., and the Labor Management Relations Act, 29 U.S.C. § 141 et seq. Specifically, Bruce alleged that appellees: (1) wrongfully suspended him as a result of his August 1995 positive drug test; (2) denied him an opportunity to challenge properly the results of the 1995 exam; (3) violated his constitutional rights by requiring him to sign a consent form prior to administration of the drug test; (4) wrongfully reinstated him without his seniority; (5) engaged in a collusive scheme aimed at reducing the number of longshoremen available for work in the port of Baltimore. The district court granted appellees' summary judgment motion.

We review the district court's grant of summary judgment de novo and affirm only where the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this assessment, the court must view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. See id. at 255.

In this case, the district court issued an in-depth, well reasoned Memorandum Opinion granting summary judgment in favor of appellees. The district court found that Bruce's claims concerning the validity of the drug testing procedures and his attempts to challenge them were barred by a six month statute of limitations. See Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 171 (1983). The court further found that Bruce failed to present sufficient evidence concerning his claim for lost seniority and that Bruce presented no evidence of unlawful collusive activity on the part of the appellees. After a careful review of the record, the district court's opinion, the briefs, and oral argument, we can find no reversible error. Accordingly, we affirm on the reasoning and opinion of the district court.

AFFIRMED

4